IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| CORRINE SANCHEZ, IAN AEBY, SARAH ATENCIO, ANTONIO DELGADO, RON FAICH, JOE GUTIERREZ, REYNA JUAREZ, TERESA JUAREZ, TOM SWITLIK Jr., MANUEL TRUJILLO, and KATHY SANCHEZ,<br><br>  Plaintiffs,<br><br>v.<br><br>FEDERICO PENA, Secretary of the U.S. Department of Energy, et al.,<br><br>  Defendants. | FILED<br>UNITED STATES DISTRICT COURT<br>ALBUQUERQUE, NEW MEXICO<br><br>JUL 28 1998<br><br>[signature]<br>CLERK<br><br>No. 98-0336 M/RLP Civil |

## MEMORANDUM OPINION and ORDER

This matter comes on for consideration on Defendants' Motion to Dismiss Complaint [#6-1]. Having fully considered the pleadings, the parties' arguments, and the applicable law, I find that the motion is well taken and should be **GRANTED**.

### BACKGROUND FACTS

After Defendants moved to dismiss Plaintiffs' original complaint, Plaintiffs amended their complaint and timely responded to the motion. Defendants directed their reply to the amended complaint, thus I will consider the motion in light of the amended complaint. Cf. Patton Elec. Co. v. Rampart Air, 777 F. Supp. 704, 712 (N.D. Ind. 1991) (stating that motion to dismiss may be considered using amended pleading rather than requiring that new motion be filed if similar defects are apparent in amended complaint).



Plaintiffs' complaint for declaratory and injunctive relief seeks to require the United States Department of Energy (the "DOE") to take four specific actions in regard to a Citizens Advisory Board (the "CAB") that was established pursuant to the Federal Advisory Committee Act, 5 U.S.C. Appendix II (1972) (the "FACA"). The CAB advises the DOE on local environmental management activities and issues connected with operation of the Los Alamos National Laboratory (the "LANL"). Its members serve for staggered terms and provide "constructive comments and recommendations to the DOE," identify "community concerns" and draft "public information and education plan[s] for the affected communities." Mission Statement of the CAB. Although the Mission Statement provides that the CAB "shall select individuals for replacement of members leaving the Board", id., pursuant to the DOE Advisory Committee Management Program Manual and Site-Specific Advisory Board Guidance manual, DOE officials have sole authority to "select and approve the appointment of all advisory committee members." DOE Manual, Chapter IV, 2.a; DOE Guidance manual, Section 3.2 and 4.2.3. "[CAB] members serve at the discretion of the [DOE] Secretary and may be removed without cause." DOE Manual, Chapter IV, 2.g.

All Plaintiffs (except for Kathy Sanchez, who is a current member of the CAB), were nominated to serve as members of the CAB in August 1997. The nominations, which were made by the former CAB, were not accepted by the DOE, and other citizens were appointed to that Board instead. Five of the Plaintiffs were CAB members whose term was expiring and who were nominated for reappointment. Plaintiffs want to force the DOE to (1) rescind the 1997 appointments; (2) "act upon" the nominations of Plaintiffs, (3) cooperate with the CAB in developing a process for nominating future members; and (4) cancel or suspend all future CAB

meetings, sessions, and other activities until the issues in this suit are resolved.

## DISCUSSION

Because I have considered exhibits and affidavits outside the complaint that were submitted by both parties, I will treat Defendants' motion as a motion for summary judgment. See Fed. R. Civ. P. Rule 12(b). Defendants assert that all claims must be dismissed for lack of standing. Plaintiffs claim that their standing arises from 5 U.S.C. § 702 of the Administrative Procedures Act (the"APA"). Sections 701 and 702 of the APA grant standing to seek judicial review to anyone "suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action" so long as the relevant statutes do not preclude review and the agency action is not "committed to agency discretion by law." Standing is a "threshold question in every federal case" that determines the "power of the court to entertain the suit." Warth v. Seldin, 422 U.S. 490, 498 (1975). "In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." Id. Standing analysis involves "both constitutional limitations on federal-court jurisdiction and prudential limitations on its exercise." Id. The plaintiff must "'allege[] such a personal stake in the outcome of the controversy' as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf . . . [and show] threatened or actual injury resulting from the putatively illegal action." Id. at 498-99 (citations omitted).

The "irreducible constitutional minimum" test used by our Supreme Court to determine standing has three elements: (a) the plaintiff suffered actual or threatened injury, (b) that is fairly traceable to the challenged action of the defendant, and (c) that is likely to be redressed by a favorable decision. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). These

elements are commonly referred to as injury in fact, causation, and redressability. In cases in which a procedural injury is alleged, the plaintiff must establish that his claim rests upon a constitutional or statutory provision that grants persons in his position a right to judicial relief. See Warth, 422 U.S. at 500. Plaintiffs have failed to state facts that establish either (a) or (c).

Upon review of the controlling statutes and manuals, I find that (1) the nominees have no express right to approval of their nomination or appointment to the CAB, (2) the nominees have no legally-protected interest in CAB membership, and (3) the DOE has been granted full discretion in regard to appointment of CAB members, subject only to express membership requirements that have not been raised under the facts of this case. I thus conclude that Plaintiffs have failed to establish that their claim rests upon a statutory provision that grants them a right to judicial relief. See 5 U.S.C. § 701(a) (no judicial review of actions "committed to agency discretion by law"); cf. Claybrook v. Slater, 111 F.3d 904, 907 (D.C. Cir. 1997) (finding that plaintiff had no standing to challenge agency's failure to stop advisory committee from voting because duty was not expressly provided for in the FACA); National Anti-Hunger Coalition v. Executive Committee, 711 F.2d 1071, 1074 n.2 (D.C. Cir. 1983) (finding that the "fair balance" provision of the FACA "confers no cognizable personal right to an advisory committee appointment").

I also find that Plaintiffs have failed to allege a distinct and palpable legally-cognizable injury to themselves that resulted from their exclusion from CAB membership. Those Plaintiffs who served on the CAB but were not reappointed claim that they have been injured by their "ability to provide independent input and to carry out . . . responsibilities as a CAB member . . . [being] denied" by the DOE's "action in reforming the CAB before the expiration of [their]

terms". They also claim injury as a result of the new CAB's alleged failure "to address issues raised by the legitimate CAB that directly impact the health and welfare of [Plaintiffs] and [their] communit[ies]." The Plaintiffs who have never served as CAB members couch their injury in terms of "being denied the opportunity to represent the independent interests of [the] community" and by the new CAB now being "dominated by members who are unwilling to assert the interests of the surrounding communities over those of LANL thereby jeopardizing the health and welfare of [Plaintiffs] and [their] communit[ies]." I find that because neither the FACA nor the regulations have provisions regarding nomination duties of advisory boards and because the DOE has the absolute right to disregard any input by the CAB, there has been no legally-cognizable injury to the former CAB members' ability to provide input.

In regard to the allegation of future harm arising from domination by members who may be unwilling to raise the same issues that Plaintiffs would raise, because "the occurrence of the asserted harm is speculative and conjectural in the purest sense," see Public Citizen v. Department of Health & Human Servs., 795 F. Supp. 1212, 1214 (D.D.C. 1992) (citation omitted), I conclude that Plaintiffs have failed to allege a concrete and palpable injury to a legally-protected interest.

Claims of lost opportunity to represent the public as a CAB member assert only a generalized grievance against the government that no more directly affects Plaintiffs than other members of the public at large and will not satisfy the Article III "case or controversy" requirements. See Lujan, 504 U.S. at 573-4.

Although Plaintiffs assert standing under the FACA's requirement that CAB membership be "fairly balanced", see 5 U.S.C. Appendix 2, § 5(b)(2), I also find that the task of creating a

5

"fair balance" in a board created pursuant to the FACA is a political one left to the discretion of the agency by statute and, under the alleged facts of this case, is not a justiciable issue. See Fertilizer Inst. v. United States E.P.A., 938 F. Supp. 52, 54 (D.D.C. 1996) (refusing to review fair balance issue because court had no meaningful standards to apply); Public Citizen, 795 F. Supp. at 1218 (stating that "if the speculative and conjectural injuries offered by the plaintiffs in this case were judicially cognizable, the Court would then be called upon to supervise the membership of federal advisory committees on a continual basis, thereby altering the composition of these committees on a subjective determination of fair balance"). Plaintiffs have not alleged any facts that indicate that the current DOE-appointed CAB members do not meet the Site-Specific Advisory Board and Amended Charter requirements of living or working in the affected community, being directly impacted by the environmental management and clean-up program, or reflecting diverse interests, or even that the current CAB does not reflect gender, ethnic, and economic diversity as provided in the Mission Statement. See National Hunger Coalition, 711 F.2d at 1074 n.2 (stating that because "the 'fairly balanced' requirement was designed to ensure that persons or groups directly affected by the work of a particular advisory committee would have some representation on the committee . . . [w]hen the requirement is ignored . . . persons having a direct interest in the committee's purpose suffer injury-in-fact sufficient to confer standing to sue"). Although Plaintiffs allege that the CAB has been "imbalanced" by the appointment of three CAB members with "ties" to LANL and DOE, I can think of no one who would be more directly impacted by environmental clean-up and management than a person who must work at the potentially dangerous site on a day-to-day basis. As at least one of the Plaintiffs (Mr. Gutierrez) is also affiliated with LANL, see Amended

6

Complaint, it is clear that the fact that a person is employed by LANL does not raise a presumption that his or her view is not diverse or independent from that of the employer. Accordingly, I also find this to be an appropriate circumstance in which to apply a "prudential consideration" and I decline the invitation to take jurisdiction over the issues at bar. See Gladstone v. Village of Bellwood, 441 U.S. 91, 99-100 (1979).

Finally, I find that the current CAB's use of a majority-rule approach instead of a consensus-building approach does not prevent Kathy Sanchez, the only low-income Native American woman now on the board, from participating in or influencing the decision-making process of the CAB. Ms. Sanchez has thus also failed to allege injury. Further, in her affidavit, Ms. Sanchez admits that she has not brought up any issues with the new CAB, thus even if it could be said that an injury might occur, her claim is speculative at best. See Metcalf v. National Petroleum Council, 553 F.2d 176, 186-87 (D.C. Cir. 1977) (stating that to allow standing on speculative injury undermines the basic policy that requires "concrete adverseness").

**NOW, THEREFORE, IT IS ORDERED THAT** Defendant's Motion to Dismiss is **GRANTED.**

_____
SENIOR UNITED STATES DISTRICT JUDGE

7